UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Pro Mod Realty, LLC
and Gary Fitzgerald

     v.                           Civil No. 13-cv-498-JL
                                   Opinion No. 2014 DNH 069

U.S. Bank National
Association and Ocwen
Loan Servicing, LLC


**SUMMARY ORDER**

    This case presents the question of whether the defendants,
the holder and servicer of a mortgage loan taken out by plaintiff
Pro Mod Realty, LLC, have improperly attempted to foreclose on
the loan despite Pro Mod's attempts to modify it.  The plaintiffs
(who include both Pro Mod and its managing member, Gary
Fitzgerald) allege that the servicer, Ocwen Loan Servicing, LLC,
promised not only "to consider modification applications and
. . . offer alternatives to foreclosure" but also that, "while it
consider[ed] a request for modification, it would not initiate a
new foreclosure or move forward with a foreclosure sale."
Despite these promises, the plaintiffs claim, the defendants
"attempted to move forward with a foreclosure sale while it [*sic*]

was purportedly reviewing the Plaintiffs' multiple applications for loan modification."[1]

Based on these allegations, the plaintiffs seek to enjoin the defendants from foreclosing on theories of promissory estoppel and breach of the covenant of good faith and fair dealing. The plaintiffs also argue that, "[p]rior to any judicial sanction of foreclosure," the defendants must be ordered "to produce documentation of their legal right to foreclose."

The plaintiffs originally filed this action in Hillsborough County Superior Court, which issued a temporary restraining order and, later, a preliminary injunction, against the foreclosure sale. The defendants then removed the action to this court, see 28 U.S.C. § 1441, invoking its diversity jurisdiction, see id. § 1332(a)(1). Pro Mod, a limited liability company, has the citizenship of its only member, Fitzgerald, who is domiciled in New Hampshire, while U.S. Bank, a national banking association, is a citizen of Minnesota, where it is located, see id. § 1348, and Ocwen has the citizenship of its only member, a Florida

---

[1]In a seeming inconsistency, the amended complaint also alleges that, prior to attempting to proceed with the foreclosure sale in October 2013, Ocwen notified Fitzgerald that it had denied his application for a modification in light of the pending sale. But, as the ensuing analysis makes clear, whether or not Ocwen communicated this to Fitzgerald prior to attempting to proceed with the October 2013 foreclosure sale is immaterial to the outcome here.

corporation with its principal place of business in Georgia, see id. § 1332(c)(1).

The defendants have moved to dismiss the plaintiffs' amended complaint, arguing that it fails to state a claim for relief, see Fed. R. Civ. P. 12(b)(6).  Per its usual practice on dispositive motions, the court invited the parties to appear for oral argument, if they wished.  The plaintiffs indicated that they did not wish to be heard, so the court has decided the motion solely on the papers.  The court grants the motion for the reasons set forth below.

**Promissory estoppel**.  Under the New Hampshire doctrine of promissory estoppel, "a promise reasonably understood as intended to induce action is enforceable by one who relies on it to his detriment or to the benefit of the promisor."  Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 738 (1988) (citing Restatement (Second) of Contracts § 90 (1981)).  Promissory estoppel thus protects only "reasonable reliance" on the part of the promisor. Marbucco Corp. v. City of Manchester, 137 N.H. 629, 633 (1993); see also Rockwood v. SKF USA, Inc., 758 F. Supp. 2d 44, 57 (D.N.H. 2010), aff'd, 687 F.3d 1 (1st Cir. 2012).

In moving to dismiss the promissory estoppel claim, the defendants argue, among other things, that the plaintiffs could not have reasonably relied on Ocwen's alleged promises, i.e.,

that it would "consider modification applications" from the
plaintiffs; that, while doing so, it "would not initiate a new
foreclosure or move forward with a foreclosure sale"; and that,
even if the plaintiffs did not "qualify for modification," the
defendants would "offer alternatives to foreclosure."

As just noted, the New Hampshire Supreme Court has adopted
the definition of promissory estoppel set forth in § 90 of the
Restatement (Second) of Contracts.  The Restatement provides that

> [w]ords of promise which by their terms make
> performance entirely optional with the 'promisor'
> whatever may happen, or whatever course of conduct in
> other respects he may pursue, do not constitute a
> promise . . . . [S]uch words are often referred to as
> forming an illusory promise . . . .  [E]ven if a
> present intention is manifested, the reservation of an
> option to change that intention means that there can be
> no promisee who is justified in an expectation of
> performance.

Id. § 2 cmt. e.  Thus, a promise to "consider" taking a specified
course of action in response to the promisee's request does not
commit the promisor to that course of action, nor justify any
expectation that the promisor will, in fact, take that course of
action.  See 1 Richard Lord, Williston on Contracts § 4:27 (4th
ed. 2007) ("a promise that a promisor would favorably consider an
application has been held too indefinite because the promisor may
keep the promise and yet freely exercise such choice as he or she
wishes") (footnote omitted).

So "a promise to consider doing something is illusory," as one federal court of appeals has held in upholding the dismissal of a mortgagor's promissory estoppel claim based on the mortgagee's alleged promise to consider modifying the loan. McGowan v. Homeward Residential, Inc., 500 F. App'x 882, 885 (11th Cir. 2012).  The plaintiffs cannot premise their promissory estoppel theory on Ocwen's alleged commitment to "consider [their] modification applications," either on its own or in conjunction with Ocwen's alleged further promise that, "while it consider[ed] a request for modification, it would not initiate a new foreclosure or move forward with a foreclosure sale" (a promise which, based on the amended complaint, it is not even clear that Ocwen broke, see note 1, supra).

Nor can the plaintiffs base that claim on Ocwen's alleged promise to "offer alternatives to foreclosure" in the event they did not "qualify for modification."  The plaintiffs do not allege that either Ocwen's behavior or the surrounding circumstances provided any inkling as to what the terms of those "alternatives" might be.  A promisee cannot reasonably rely on the mere promise of a forthcoming offer, absent any basis whatsoever for anticipating its terms.  See, e.g., Sands v. Ridefilm Corp., 212 F.3d 657, 664 (1st Cir. 2000) (ruling that prospective employee could not rely on company's promises to hire him before any of

5

the terms of his employment had even been discussed).  Federal courts have therefore dismissed promissory estoppel claims based on bare promises to offer loan modifications, ruling that the plaintiffs could not plead reasonable reliance.  See, e.g., Cortez v.  Mtg. Elec. Regis. Sys., Inc., No. 11-872, 2012 WL 1744449, at *3 (D. Nev. May 11, 2012); Labrant v. Mtg. Elec. Regis. Sys., Inc., 870 F. Supp. 2d 671, 679 (D. Minn. 2012).  The same result is in order here.

Furthermore, even if the plaintiffs could have reasonably relied on any of the alleged promises, they have not sufficiently alleged that they actually did so.  All the plaintiffs say on this score is that they "were prejudiced by the defendants' failure to act substantively on the plaintiffs' modification applications in that [they] did not seek alternatives to foreclosure such as selling the property" (capitalization omitted).  The Court of Appeals has recently held that just such an allegation, at least when standing alone, fails to plead the reliance necessary to state a promissory estoppel claim. MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 497 (1st Cir. 2013) (applying Massachusetts law).

The mortgagors in that case, just like the plaintiffs here, alleged that they had detrimentally relied on the mortgage holder's "promise to consider them for a loan modification" by

6

"awaiting determination of . . . eligibility and loan
modification instead of seeking alternatives to foreclosure."
Id. at 496-97 (quotation marks omitted).  In affirming the
dismissal of the promissory estoppel claim, the Court of Appeals
ruled that the mortgagors had "not alleged any facts that would
allow us to infer that their decision not to seek 'alternatives
to foreclosure' was detrimental to them.  In other words, there
is no reason for us to believe [they] would have successfully
avoided foreclosure, or been better off in any way, but for their
reliance on [the mortgage holder's] supposed promise to consider
them for a loan modification." Id. at 497.  The same is true
here.  MacKenzie controls and dictates dismissal of the
promissory estoppel claim for want of detrimental reliance on the
alleged promises, even if their illusory nature is ignored.

    **Breach of the covenant of good faith and fair dealing.**  As
this court has observed, "[a] necessary prerequisite to a claim
for breach of the implied covenant of good faith and fair dealing
is a contract between the parties." Moore v. Mtg. Elec. Reg.
Sys., Inc., 848 F. Supp. 2d 107, 127 (D.N.H. 2012) (citing J & M
Lumber & Constr. Co. v. Smyjunas, 161 N.H. 714, 724 (2011)).  In
moving to dismiss this claim, the defendants argue that the
plaintiffs have not alleged the existence of any contract between
either of them and either of the defendants, aside from the

7

mortgage (of which U.S. Bank is the assignee of record).  As the
defendants point out, however, "the fact that [a mortage holder]
exercised [its] contractual right to foreclose on [a borrower]
after [it] defaulted on [its] mortgage payments does not amount
to a breach of the implied covenant," which also "cannot be used
to require the lender to modify or restructure the loan." Id. at
129-30.  The mortgage agreement, then, cannot serve as the basis
for the plaintiffs' claim for breach of the covenant of good
faith and fair dealing, and they do not argue to the contrary.

Instead, the plaintiffs suggest that the defendants' duty of
good faith and fair dealing emanates from Ocwen's alleged
promises to consider the plaintiffs' applications to modify the
loan, relying on the notion that promissory estoppel "serves to
impute contractual status based upon an underlying promise, and
to provide a remedy to the party who detrimentally relies on the
promise." Great Lakes Aircraft Co. v. Claremont, 135 N.H. 270,
290 (1992).  As discussed above, though, the plaintiffs have not
alleged any promise to which the doctrine of promissory estoppel
could "impute contractual status."  They have therefore failed to
plead any contract that could support their claim for breach of
the covenant of good faith and fair dealing.[2]

_____

[2]In a single paragraph in this count, as it appears in the
amended complaint, the plaintiffs allege that Ocwen "offered, and

**Order to produce promissory note.**  Count II of the amended
complaint, entitled "Standing," purports to "rais[e] the issue of
legal standing of the defendants to foreclose [the] mortgage and
requests strict compliance with the law as required before the
drastic remedy of foreclosure by the power of sale can be
lawfully executed," asserting that "possession of a negotiable
instrument such as the note is a prerequisite to its enforcement"
(capitalization omitted).  Significantly, however, the plaintiffs
do not allege that the defendants in fact lack possession of the
note secured by the mortgage they have attempted to foreclose.
To the contrary, the plaintiffs proclaim that "[i]f the defendant
cannot produce the original, properly executed promissory note
. . . , the plaintiffs challenge the defendants' legal standing
to foreclose or otherwise collect on the note" (emphasis added).

The Federal Rules of Civil Procedure do not countenance this
sort of hypothetical pleading.  To the contrary, "[t]o survive a
motion to dismiss, a complaint must contain sufficient factual

---

the [p]laintiff accepted, an offer to work out resolution with
the mortgage through the government's HAMP program or some other
form of modification."  This allegation is not only unsupported,
but undermined, by the balance of the amended complaint, which
(as discussed above) alleges that the defendants promised to
offer a modification, but never did so, and that they ultimately
denied the plaintiffs' modification request, see note 1, supra.
The plaintiffs have not plausibly alleged that they accepted the
defendants' offer to modify the loan (if that is in fact what the
plaintiffs are even trying to allege).

matter, accepted as true to state a claim to relief that is
plausible on its face . . . .  The plausibility standard is not
akin to a probability requirement, but it asks for more than a
sheer possibility that a defendant has acted unlawfully."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks
omitted).  So the plaintiffs cannot state a claim simply by
raising the possibility that the defendants lack possession of
the note secured by the mortgage they have tried to foreclose so
as to make that effort unlawful.  The plaintiffs must allege that
the plaintiffs lack possession of the note.  For reasons that are
unclear, the plaintiffs have not made that allegation, either in
their amended complaint or their objection to the motion to
dismiss (where they acknowledge that the defendants have produced
a copy of the note).[3]  They have therefore failed to state a claim
for relief--such as an injunction preventing the defendants from
foreclosing, or requiring them to produce the note before they do
so--based on the possibility that the defendants lack possession
of the note secured by the mortgage.

    Accordingly, the defendants' motion to dismiss (document no.
17) is GRANTED.  The defendants' motion for a protective order

---

[3]Strangely, the plaintiffs also state that the defendants
"concede they are both the owner of the note and the mortgage."
It is unclear how this is a concession, and the statement is
otherwise unexplained.

against discovery pending resolution of the motion to dismiss

(document no. 24) is DENIED as moot.  The clerk shall enter

judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 9, 2014

cc:  Charles W. Grau, Esq.
     Lisa Hall, Esq.
     Jessica Suzanne Babine, Esq.