```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

Pro Mod Realty, LLC
and Gary Fitzgerald

    v.                                 Civil No. 13-cv-498-JL
                                        Opinion No. 2014 DNH 069

U.S. Bank National
Association and Ocwen
Loan Servicing, LLC


**SUMMARY ORDER**

    This case presents the question of whether the defendants, the holder and servicer of a mortgage loan taken out by plaintiff Pro Mod Realty, LLC, have improperly attempted to foreclose on the loan despite Pro Mod's attempts to modify it.  The plaintiffs (who include both Pro Mod and its managing member, Gary Fitzgerald) allege that the servicer, Ocwen Loan Servicing, LLC, promised not only "to consider modification applications and . . . offer alternatives to foreclosure" but also that, "while it consider[ed] a request for modification, it would not initiate a new foreclosure or move forward with a foreclosure sale." Despite these promises, the plaintiffs claim, the defendants "attempted to move forward with a foreclosure sale while it [*sic*]

was purportedly reviewing the Plaintiffs' multiple applications for loan modification."[1]

Based on these allegations, the plaintiffs seek to enjoin the defendants from foreclosing on theories of promissory estoppel and breach of the covenant of good faith and fair dealing. The plaintiffs also argue that, "[p]rior to any judicial sanction of foreclosure," the defendants must be ordered "to produce documentation of their legal right to foreclose."

The plaintiffs originally filed this action in Hillsborough County Superior Court, which issued a temporary restraining order and, later, a preliminary injunction, against the foreclosure sale. The defendants then removed the action to this court, see 28 U.S.C. § 1441, invoking its diversity jurisdiction, see id. § 1332(a)(1). Pro Mod, a limited liability company, has the citizenship of its only member, Fitzgerald, who is domiciled in New Hampshire, while U.S. Bank, a national banking association, is a citizen of Minnesota, where it is located, see id. § 1348, and Ocwen has the citizenship of its only member, a Florida

---

[1] In a seeming inconsistency, the amended complaint also alleges that, prior to attempting to proceed with the foreclosure sale in October 2013, Ocwen notified Fitzgerald that it had denied his application for a modification in light of the pending sale. But, as the ensuing analysis makes clear, whether or not Ocwen communicated this to Fitzgerald prior to attempting to proceed with the October 2013 foreclosure sale is immaterial to the outcome here.

corporation with its principal place of business in Georgia, see id. § 1332(c)(1).

The defendants have moved to dismiss the plaintiffs' amended complaint, arguing that it fails to state a claim for relief, see Fed. R. Civ. P. 12(b)(6).  Per its usual practice on dispositive motions, the court invited the parties to appear for oral argument, if they wished.  The plaintiffs indicated that they did not wish to be heard, so the court has decided the motion solely on the papers.  The court grants the motion for the reasons set forth below.

**Promissory estoppel**.  Under the New Hampshire doctrine of promissory estoppel, "a promise reasonably understood as intended to induce action is enforceable by one who relies on it to his detriment or to the benefit of the promisor."  Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 738 (1988) (citing Restatement (Second) of Contracts § 90 (1981)).  Promissory estoppel thus protects only "reasonable reliance" on the part of the promisor. Marbucco Corp. v. City of Manchester, 137 N.H. 629, 633 (1993); see also Rockwood v. SKF USA, Inc., 758 F. Supp. 2d 44, 57 (D.N.H. 2010), aff'd, 687 F.3d 1 (1st Cir. 2012).

In moving to dismiss the promissory estoppel claim, the defendants argue, among other things, that the plaintiffs could not have reasonably relied on Ocwen's alleged promises, i.e.,

that it would "consider modification applications" from the plaintiffs; that, while doing so, it "would not initiate a new foreclosure or move forward with a foreclosure sale"; and that, even if the plaintiffs did not "qualify for modification," the defendants would "offer alternatives to foreclosure."

As just noted, the New Hampshire Supreme Court has adopted the definition of promissory estoppel set forth in § 90 of the Restatement (Second) of Contracts. The Restatement provides that

> [w]ords of promise which by their terms make performance entirely optional with the 'promisor' whatever may happen, or whatever course of conduct in other respects he may pursue, do not constitute a promise . . . . [S]uch words are often referred to as forming an illusory promise . . . . [E]ven if a present intention is manifested, the reservation of an option to change that intention means that there can be no promisee who is justified in an expectation of performance.

Id. § 2 cmt. e. Thus, a promise to "consider" taking a specified course of action in response to the promisee's request does not commit the promisor to that course of action, nor justify any expectation that the promisor will, in fact, take that course of action. See 1 Richard Lord, Williston on Contracts § 4:27 (4th ed. 2007) ("a promise that a promisor would favorably consider an application has been held too indefinite because the promisor may keep the promise and yet freely exercise such choice as he or she wishes") (footnote omitted).

4

So "a promise to consider doing something is illusory," as one federal court of appeals has held in upholding the dismissal of a mortgagor's promissory estoppel claim based on the mortgagee's alleged promise to consider modifying the loan. McGowan v. Homeward Residential, Inc., 500 F. App'x 882, 885 (11th Cir. 2012). The plaintiffs cannot premise their promissory estoppel theory on Ocwen's alleged commitment to "consider [their] modification applications," either on its own or in conjunction with Ocwen's alleged further promise that, "while it consider[ed] a request for modification, it would not initiate a new foreclosure or move forward with a foreclosure sale" (a promise which, based on the amended complaint, it is not even clear that Ocwen broke, see note 1, supra).

Nor can the plaintiffs base that claim on Ocwen's alleged promise to "offer alternatives to foreclosure" in the event they did not "qualify for modification." The plaintiffs do not allege that either Ocwen's behavior or the surrounding circumstances provided any inkling as to what the terms of those "alternatives" might be. A promisee cannot reasonably rely on the mere promise of a forthcoming offer, absent any basis whatsoever for anticipating its terms. See, e.g., Sands v. Ridefilm Corp., 212 F.3d 657, 664 (1st Cir. 2000) (ruling that prospective employee could not rely on company's promises to hire him before any of

5

the terms of his employment had even been discussed). Federal courts have therefore dismissed promissory estoppel claims based on bare promises to offer loan modifications, ruling that the plaintiffs could not plead reasonable reliance. See, e.g., Cortez v. Mtg. Elec. Regis. Sys., Inc., No. 11-872, 2012 WL 1744449, at *3 (D. Nev. May 11, 2012); Labrant v. Mtg. Elec. Regis. Sys., Inc., 870 F. Supp. 2d 671, 679 (D. Minn. 2012). The same result is in order here.

Furthermore, even if the plaintiffs could have **reasonably** relied on any of the alleged promises, they have not sufficiently alleged that they **actually** did so. All the plaintiffs say on this score is that they "were prejudiced by the defendants' failure to act substantively on the plaintiffs' modification applications in that [they] did not seek alternatives to foreclosure such as selling the property" (capitalization omitted). The Court of Appeals has recently held that just such an allegation, at least when standing alone, fails to plead the reliance necessary to state a promissory estoppel claim. MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 497 (1st Cir. 2013) (applying Massachusetts law).

The mortgagors in that case, just like the plaintiffs here, alleged that they had detrimentally relied on the mortgage holder's "promise to consider them for a loan modification" by

"awaiting determination of . . . eligibility and loan modification instead of seeking alternatives to foreclosure." Id. at 496-97 (quotation marks omitted). In affirming the dismissal of the promissory estoppel claim, the Court of Appeals ruled that the mortgagors had "not alleged any facts that would allow us to infer that their decision not to seek 'alternatives to foreclosure' was detrimental to them. In other words, there is no reason for us to believe [they] would have successfully avoided foreclosure, or been better off in any way, but for their reliance on [the mortgage holder's] supposed promise to consider them for a loan modification." Id. at 497. The same is true here. MacKenzie controls and dictates dismissal of the promissory estoppel claim for want of detrimental reliance on the alleged promises, even if their illusory nature is ignored.

**Breach of the covenant of good faith and fair dealing.** As this court has observed, "[a] necessary prerequisite to a claim for breach of the implied covenant of good faith and fair dealing is a contract between the parties." Moore v. Mtg. Elec. Reg. Sys., Inc., 848 F. Supp. 2d 107, 127 (D.N.H. 2012) (citing J & M Lumber & Constr. Co. v. Smyjunas, 161 N.H. 714, 724 (2011)). In moving to dismiss this claim, the defendants argue that the plaintiffs have not alleged the existence of any contract between either of them and either of the defendants, aside from the

7

mortgage (of which U.S. Bank is the assignee of record).  As the defendants point out, however, "the fact that [a mortage holder] exercised [its] contractual right to foreclose on [a borrower] after [it] defaulted on [its] mortgage payments does not amount to a breach of the implied covenant," which also "cannot be used to require the lender to modify or restructure the loan." Id. at 129-30.  The mortgage agreement, then, cannot serve as the basis for the plaintiffs' claim for breach of the covenant of good faith and fair dealing, and they do not argue to the contrary.

Instead, the plaintiffs suggest that the defendants' duty of good faith and fair dealing emanates from Ocwen's alleged promises to consider the plaintiffs' applications to modify the loan, relying on the notion that promissory estoppel "serves to impute contractual status based upon an underlying promise, and to provide a remedy to the party who detrimentally relies on the promise." Great Lakes Aircraft Co. v. Claremont, 135 N.H. 270, 290 (1992).  As discussed above, though, the plaintiffs have not alleged any promise to which the doctrine of promissory estoppel could "impute contractual status."  They have therefore failed to plead any contract that could support their claim for breach of the covenant of good faith and fair dealing.[2]

---

[2]In a single paragraph in this count, as it appears in the amended complaint, the plaintiffs allege that Ocwen "offered, and

8

**Order to produce promissory note.** Count II of the amended complaint, entitled "Standing," purports to "rais[e] the issue of legal standing of the defendants to foreclose [the] mortgage and requests strict compliance with the law as required before the drastic remedy of foreclosure by the power of sale can be lawfully executed," asserting that "possession of a negotiable instrument such as the note is a prerequisite to its enforcement" (capitalization omitted). Significantly, however, the plaintiffs do not allege that the defendants in fact lack possession of the note secured by the mortgage they have attempted to foreclose. To the contrary, the plaintiffs proclaim that "[i]f the defendant cannot produce the original, properly executed promissory note . . . , the plaintiffs challenge the defendants' legal standing to foreclose or otherwise collect on the note" (emphasis added).

The Federal Rules of Civil Procedure do not countenance this sort of hypothetical pleading. To the contrary, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

---

the [p]laintiff accepted, an offer to work out resolution with the mortgage through the government's HAMP program or some other form of modification." This allegation is not only unsupported, but undermined, by the balance of the amended complaint, which (as discussed above) alleges that the defendants promised to offer a modification, but never did so, and that they ultimately denied the plaintiffs' modification request, see note 1, supra. The plaintiffs have not plausibly alleged that they accepted the defendants' offer to modify the loan (if that is in fact what the plaintiffs are even trying to allege).

matter, accepted as true to state a claim to relief that is plausible on its face . . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  So the plaintiffs cannot state a claim simply by raising the possibility that the defendants lack possession of the note secured by the mortgage they have tried to foreclose so as to make that effort unlawful.  The plaintiffs must allege that the plaintiffs lack possession of the note.  For reasons that are unclear, the plaintiffs have not made that allegation, either in their amended complaint or their objection to the motion to dismiss (where they acknowledge that the defendants have produced a copy of the note).[3]  They have therefore failed to state a claim for relief--such as an injunction preventing the defendants from foreclosing, or requiring them to produce the note before they do so--based on the possibility that the defendants lack possession of the note secured by the mortgage.

Accordingly, the defendants' motion to dismiss (document no. 17) is GRANTED.  The defendants' motion for a protective order

---

[3]Strangely, the plaintiffs also state that the defendants "concede they are both the owner of the note and the mortgage." It is unclear how this is a concession, and the statement is otherwise unexplained.

against discovery pending resolution of the motion to dismiss (document no. 24) is DENIED as moot. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 9, 2014

cc: Charles W. Grau, Esq.
　　 Lisa Hall, Esq.
　　 Jessica Suzanne Babine, Esq.